UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CRIMINAL ACTION NO. 09-81-KKC

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                            **OPINION AND ORDER**

JAY A. SHEPHARD                                                                         DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion for Bond Review (Rec. 199) by Defendant Jay A. Shephard ("Shephard"). The Court has previously ruled on this issue and denied Shephard's request for release pending trial (Rec. 155). However, having reviewed Shephard's motion and being otherwise sufficiently advised, the Court **HEREBY GRANTS** the motion and **ORDERS** that a bond review hearing be held on Wednesday **August 25, 2010 at 1:00 p.m.** in Lexington.

Shephard is advised that because there is a presumption in this case "that no condition or combination of conditions will reasonably assure...[Shephard's] appearance...as required and the safety of the community[.]" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(e)(3)). Accordingly, at the bond hearing, Shephard will bear the "burden of production"[1] requiring him to come forward with evidence rebutting the presumption that he poses a danger to the community and presents a flight risk. *Id*. (quoting *United States v.*

---

[1] Even though a defendant bears the "burden of production" in a presumption case, the government retains the ultimate "burden of persuasion." *See, e.g.*, *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). In determining whether the government has met the "burden of persuasion," a district court considers several factors including: (1) the nature and circumstances of the offense charged, including whether the offense involves a controlled substance; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *United States v. Stone*, 608 F.3d 939, 946 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(g)).

*Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001).  The Court's previous denial of Shephard's motion for release pending trial was based on his criminal record, the charges that he faces in the instant case and the finding that he is a flight risk who poses a danger to the community.  Assuming that Shephard is able to satisfy his "burden of production" at the bond review hearing, "the presumption favoring [pretrial] detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id*. (quoting *Mercedes*, 254 F.3d at 436).  This is because the creation of the presumption in favor of pretrial detention "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *Stone*, 608 F.3d at 945.  To rebut the presumption, Shephard should "present all the special features of his case" that take it out side "the congressional paradigm[.]" *Id*. at 946 (quoting *United States v. Jessup*, 757 F.2d 378, 387 (1st Cir. 1985), *abrogated on other grounds* by *United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990)).

This 18th day of August, 2010.

Signed By:
*Karen K. Caldwell*
United States District Judge